# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:09cr46 |
| | § | (Judge Crone) |
| JAMES BRANDON STROUSE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on November 10, 2009, on Defendant's Motion to Withdraw Guilty Plea Under Plea Agreement (Dkt. #25). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on April 21, 2009 (Dkt. #13).

## BACKGROUND

On March 31, 2009, an information was filed against Defendant. The information charged Defendant with knowingly possessing one or more visual depictions of sexually explicit conduct of minors which had been mailed, shipped and transported in interstate and foreign commerce, all in violation of 18 U.S.C. § 2252(a)(4)(B).

On March 25, 2009, Defendant signed a plea agreement to count one of the information charging him with possession of sexually explicit visual depictions of minors. Also on March 25, 2009, Defendant signed a factual statement in support of his plea of guilty. On April 16, 2009, Defendant appeared before the undersigned for his initial appearance on the information. After his initial appearance and execution of waiver of indictment, the Court commenced Defendant's change of plea hearing. Defendant pleaded guilty to count one of the information charging a violation of 18 U.S.C. § 2252(a)(4)(B). On April 20, Findings of Fact and Recommendation on Guilty Plea were

entered. On April 21, 2009, United States District Judge Marcia Crone adopted the report finding Defendant guilty of count one of the information.

On June 18, 2009, the initial Presentence Report ("PSR") was prepared. The initial PSR recommended a sentence equivalent to the statutory maximum of 120 months' imprisonment. Defendant objected, claiming that he was coerced into signing the plea agreement. On August 21, 2009, the final PSR was completed, removing credit for acceptance of responsibility and recommending a sentence of 120 months in custody.

On August 25, 2009, Defendant filed *pro se* motion to withdraw court appointed attorney, motion to withdraw plea of guilty and motion to quash indictment. On August 27, 2009, the Court set Defendant's sentencing for September 8, 2009. On September 3, 2009, the Court held a hearing on Defendant's motion to withdraw court appointed attorney and appoint new counsel. At the end of the hearing, the Court granted the motion to withdraw and appointed Garland Cardwell as new counsel for Defendant. The Court advised Defendant and Counsel that his other *pro se* motions would be denied because he had counsel, but indicated that the motions could be re-filed by new counsel.[1] On October 30, 2009, Defendant's new counsel filed a motion to withdraw guilty plea under plea agreement. On November 6, 2009, the Government filed its response to the motion. On November 10, 2009, the Court conducted a hearing on the motion.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and

---

[1] On September 4. 2009, Judge Crone entered an order striking Defendant's motion to withdraw plea of guilty and motion to quash indictment/information.

2

just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted her innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing her withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea or waive his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution. Defendant bases this argument on the following: (1) Defendant's home was searched and property was seized from him without his consent or a properly issued search warrant; (2) unrecorded

statements were taken by such federal agents through force and intimidation after Defendant had stated that he wanted to speak to his attorney; (3) no motion to suppress such property or statements was filed by his prior counsel before his guilty plea was entered; and (4) defendant did not have sufficient time or opportunity to discuss and consider the plea agreement with counsel prior to entry of his plea.

**Defendant's Assertion of Innocence**

Defendant has not asserted his innocence as to count one of the information in his motion or at the November 10, 2009 hearing.

In his plea colloquy with the Court on April 16, 2009, Defendant agreed to the statement of facts and that he was pleading guilty to the facts that he possessed visual depictions of minors engaged in sexually explicit conduct. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 18 U.S.C. § 2252(a)(4)(B). His failure to claim his innocence strongly favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On April 16, 2009, Defendant pleaded guilty. Defendant waited four months from the time

4

he entered his guilty plea to file his motion for withdraw on August 25, 2009. After this *pro se* motion was denied, Defendant's new counsel filed a motion to withdraw guilty plea on October 30, 2009. Defendant also waited until after the initial and final PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea.

The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

Defendant asserts that his prior counsel was ineffective in not asserting various constitutional violations prior to the entry of the guilty plea in this case. He also asserts that he was not given sufficient time to consult with counsel before entering a plea of guilty.

Defendant's attack can be broken down to a claim that counsel was ineffective in failing to adequately advise him.

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.*

The question of whether Defendant received the close assistance of counsel "requires a fact-

5

intensive inquiry." *Id.* Defendant presented no evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph eleven of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Mr. Robert Arrambide, and he answered that he was.

The record also reflects that the Federal Public Defender was appointed by U.S. Magistrate Judge Don D. Bush several months before Defendant's plea of guilty. On February 19, 2009, Mr. Arrambide informed Assistant United States Attorney Terri Hagan that he had spoken with Defendant and Defendant desired to plead guilty to an information. Mr. Arrambide requested that plea papers be drafted and sent to him. The plea papers were provided to Mr. Arrambide on March 3, 2009, and Defendant executed them on March 25, 2009. The Court finds that Defendant had adequate time to determine whether he wanted to persist in his earlier decision to plead guilty.

The Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have

notice of the nature of the charges against her, she must understand the consequences of her plea, and she must understand the nature of the constitutional protections she is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment up to ten years, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea. The Court also reviewed the plea agreement and specifically asked the Defendant if he understood that other specific offense characteristics or guidelines adjustments could increase or decrease the appropriate sentencing range.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or made any promises other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him and understood the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the information. Having been advised as to the

details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

Defendant also asserts that he did not enter a knowing voluntary guilty plea or waiver of his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution. Defendant argues that his rights were violated and that no motion to suppress was filed.

An unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings. *United States. v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006) (citing *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992). "Suppression issues must be raised prior to the entry of a plea. *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267, (1973). By pleading guilty, Defendant waived any claim to an alleged illegal search or seizure.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources. Sentencing had been set, and the District Judge has already been required to prepare for

and postpone that hearing in light of the underlying motion.

The Government asserts that it if the plea were withdrawn, additional work would be required to determine whether more serious charges could be made against Defendant. Considering the nature of this case, the Court finds that there would be prejudice to the Government if the plea were withdrawn and the Government would need to continue its investigation.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Guilty Plea Under Plea Agreement (Dkt. #25) should be **DENIED**.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of November, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE